511

Adela **CLASS** and Jose **Class**, Plaintiffs,

v.

**EASTERN AIRLINES INC., Defendant.**

No. 85 Civ. 8298 (GLG).

United States District Court,
S.D. New York.

May 15, 1987.

**512**

Law Offices of David M. Lee, New York City, for plaintiffs; Stephen P. Germansky, of counsel.

Gallagher & Gosseen, Mineola, N.Y., for defendant; James A. Gallagher, Jr., of counsel.

### MEMORANDUM DECISION

GOETTEL, District Judge.

The defendant moves for an order pursuant to Rules 11 and 36 of the Federal Rules of Procedure, granting attorney's fees incurred in defense of this action. The fees are sought both from the plaintiffs and their attorney.

 The plaintiff, Adela Class, was a passenger on one of defendant's flights which incurred engine difficulty while flying from New York to Puerto Rico and diverted to Bermuda. The passengers thereafter resumed their flight on another aircraft. The plaintiffs' claims were primarily for emotional trauma. The pretrial discovery in the action established that the female plaintiff (the other plaintiff merely claimed for loss of consortium) had a long history of emotional problems. Ultimately, the action was dismissed for failure of the plaintiffs to respond to interrogatories and to present other information concerning the female plaintiff's condition. The defendant, alleging that the action was completely lacking in merit, seek over $28,000 in attorney's fees and disbursements expended in defense of the action. A major point put forth by defendant is that plaintiff claimed to have visited a physician in Puerto Rico for the injuries complained of and that the doctor's records reveal that this treatment occurred a month before the flight in question. This, according to defendant, clearly establishes the fraudulent nature of the case.

Based upon plaintiffs' opposing submissions, we conclude that the apparent discrepancy was merely a clerical error in the doctor's records and that, in fact, the medical visit occurred immediately following the incident complained of.

 It remains to be considered whether, absent fraud, the defendant should, nevertheless, receive a Rule 11 award. Clearly, the action was a questionable one. The female plaintiff was the only passenger who made a claim with respect to the diversion of the flight. Her particular emotional vulnerability clearly made her more susceptible to damages than the other passengers. This, of course, would not prevent her from any recovery but would have diminished the provable damages. If plaintiffs' counsel can be faulted in this case, it is for failing to settle or discontinue at an earlier time when the preexistence of the plaintiff's emotional problems had been demonstrated from the medical records.

Were I left to my own interpretation of Rule 11, this might be a case in which the assessment of attorney's fees would be appropriate. However, our Circuit Court has cautioned against liberal assessment of such costs less they deter creativity by plaintiff's counsel. Consequently, the motion for assessment of attorney's fees is denied.

SO ORDERED.